## CHAPTER 13 PLAN (Individual Adjustment of Debts)

☐ _____ Original Plan

☐ _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

■ FIRST _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Felipe Osorto    JOINT DEBTOR: Lourdes Valladares    CASE NO.: 24-13918-RAM

SS#: xxx-xx- 3086    SS#: xxx-xx-5749

### I. NOTICES

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

To Creditors: Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties: The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ■ Not included |
| Nonstandard provisions, set out in Section IX | ■ Included | ☐ Not included |

### II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

A. **MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $4,753.42    for months   1   to   15  ;
2. $9,334.93    for months   16  to   16  ;
3. $5,203.56    for months   17  to   60  ;

B. **DEBTOR(S)' ATTORNEY'S FEE:**    ☐ NONE    ☐ PRO BONO

| Total Fees: | $6,000.00 | Total Paid: | $1,687.00 | Balance Due: | $4,313.00 |
|---|---|---|---|---|---|
| Payable | $219.56 | /month (Months   1   to   15  ) | | | |
| Payable | $800.00 | /month (Months   16  to   16  ) | | | |

Allowed fees under LR 2016-l(B)(2) are itemized below:
Safe Harbor: $5,000.00 Attorney's Fees + $200.00 Costs +$800 Motion to Modify = 6000

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

### III. TREATMENT OF SECURED CLAIMS    ☐ NONE

A. **SECURED CLAIMS:**    ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

| 1. Creditor: | Citibank, N.A., not in its individual capacity but solely as Owner Trustee of New Residential Mortgage Loan Trust 2019 RPL3 d/b/a Fay Servicing, LLC | | |
|---|---|---|---|
| Address: | Fay Servicing, LLC PO Box 814609 Dallas, TX 75381-4609 | Arrearage/ Payoff on Petition Date | $9,752.65 (Proof of Claim #22-1) |
| | | Regular Payment (Maintain) | $1,321.52 /month (Months   1   to   15  ) |
| Last 4 Digits of _____ | | Regular Payment (Maintain) | $1,550.36 /month (Months   16  to   60  ) |

| | | | |
|---|---|---|---|
| Account No.: | 0433 | Arrears Payment (Cure) | $151.71 /month (Months 1 to 15 ) |
| | | Arrears Payment (Cure) | $166.16 /month (Months 16 to 60 ) |

Other: Regular Payment (maintain) $1,415.91x11=15,575.01 + 1510.49x45=74014.01+525 Fees = 89,589.02

☒ Real Property    Check one below for Real Property:
    ☒ Principal Residence    ☒ Escrow is included in the regular payments
    ☐ Other Real Property    ☐ The debtor(s) will pay ☐ taxes ☐ insurance directly

Address of Collateral:
6201 SW 138 CT UNIT M, Miami, FL 33183

☐ Personal Property/Vehicle
Description of Collateral:

---

2. Creditor: Ally Bank c/o AIS Portfolio Services, LLC [POC#3]

Address: Payment Processing Center
PO Box 660618
Dallas TX 75266-0618

Arrearage/ Payoff on Petition Date    $13,566.57 @ 10.24% = $17,391.25 (Proof of Claim #3-1)
Payoff (Including 10.24% monthly interest)    $270.54 /month (Months 1 to 15 )
Payoff (Including 10.24% monthly interest)    $296.30 /month (Months 16 to 60 )

Last 4 Digits of Account No.: 8175
Other:

☐ Real Property    Check one below for Real Property:
    ☐ Principal Residence    ☐ Escrow is included in the regular payments
    ☐ Other Real Property    ☐ The debtor(s) will pay ☐ taxes ☐ insurance directly

Address of Collateral:

☒ Personal Property/Vehicle
Description of Collateral: 2019 Mercedes-Benz Sprinter Passenger Van 1500 High Roof 2.0L I4 Turbo
VIN:WD4PE7ED6KT012066

---

3. Creditor: World Omni Financial Corp. [POC#1]

Address: World Omni Financial Corp.
P. O. Box 991817
Mobile AL 36691-8817

Arrearage/ Payoff on Petition Date    $47,354.42 @ 6.75% = $55,925.93 (Proof of Claim #1-1)
Payoff (Including 6.75% monthly interest)    $869.96 /month (Months 1 to 15 )
Payoff (Including 6.75% monthly interest)    $952.81 /month (Months 16 to 60 )

Last 4 Digits of Account No.: 4006
Other:

☐ Real Property    Check one below for Real Property:
    ☐ Principal Residence    ☐ Escrow is included in the regular payments
    ☐ Other Real Property    ☐ The debtor(s) will pay ☐ taxes ☐ insurance directly

Address of Collateral:

☒ Personal Property/Vehicle
Description of Collateral: 2022 TOYOTA TACOMA TRD - 3TMAZ5CNXNM185807

| | | | | | |
|---|---|---|---|---|---|
| 4. Creditor: | World Omni Financial Corp. [POC#2] | | | | |
| Address: | World Omni Financial Corp. P. O. Box 991817 Mobile AL 36691-8817 | Arrearage/ Payoff on Petition Date | $43,344.22 @ 6.75% = $51,189.85 (Proof of Claim #2-1) | | |
| | | Payoff (Including 6.75% monthly interest | $796.29 | /month (Months  1  to  15 ) | |
| | | Payoff (Including 6.75% monthly interest | $872.13 | /month (Months  16  to  60 ) | |

Last 4 Digits of Account No.:    5651

Other: _____

☐ Real Property                    Check one below for Real Property:
   ☐ Principal Residence            ☐ Escrow is included in the regular payments
   ☐ Other Real Property            ☐ The debtor(s) will pay  ☐ taxes  ☐ insurance directly

Address of Collateral:

■ Personal Property/Vehicle

Description of Collateral: 2020 TOYOTA 4RUNNER - JTEZU5JR0L5228010

   B. **VALUATION OF COLLATERAL:**    ■ NONE

   C. **LIEN AVOIDANCE**    ■ NONE

   D. **SURRENDER OF COLLATERAL:**    ■ NONE

   E. **DIRECT PAYMENTS**    ☐ NONE

Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | Golf Village of Kendall Inc. | 6201 | 6201 SW 138 CT UNIT M, Miami, FL 33183 |

IV. **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]    ☐ NONE

   A. **ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ■ NONE

   B. **INTERNAL REVENUE SERVICE:**    ☐ NONE

| | | | |
|---|---|---|---|
| Total Due: | $21,848.67 | Total Payment | $21,848.67 |
| Payable: | $200.49 | /month (Months  1  to  15 ) | |
| Payable: | $3,763.68 | /month (Months  16  to  16 ) | |
| Payable: | $411.03 | /month (Months  17  to  17 ) | |

   C. **DOMESTIC SUPPORT OBLIGATION(S):** ■ NONE

   D. **OTHER:** ■ NONE

V. **TREATMENT OF UNSECURED NONPRIORITY CREDITORS**    ☐ NONE

   A. Pay    $0.00    /month (Months  1  to  16 )
       Pay    $434.41    /month (Months  17  to  60 )

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

   B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

   C. **SEPARATELY CLASSIFIED:**    ■ NONE

VI. **STUDENT LOAN PROGRAM**    ■ NONE

Debtor(s): Felipe Osorto, Lourdes Valladares    Case number: 24-13918-RAM

| | | |
|---|---|---|
| **VII.** | **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**  ■ NONE | |
| **VIII.** | **INCOME TAX RETURNS AND REFUNDS:** | |

■ The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case is pending and that the debtor(s) shall provide the trustee (but not file with the Court) with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income. [Miami cases]

**IX.** **NON-STANDARD PLAN PROVISIONS**  ☐ NONE

■ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

Confirmation of the plan shall not bar Debtor's counsel from filing an Application for Compensation for any work performed before confirmation.

If the debtor receives gambling winnings during the pendency of the plan the debtor shall turn over any gross winnings to the Chapter 13 Trustee for the benefit of the unsecured creditors.

☐ Mortgage Modification Mediation

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| Debtor | Date | Joint Debtor | Date |
|---|---|---|---|
| Felipe Osorto | | Lourdes Valladares | |

/s/ Jose A. Blanco, Esq.    August 12, 2025
                                            Date

Attorney with permission to sign on Debtor(s)' behalf who certifies that the contents of the plan have been reviewed and approved by the Debtor(s).[1]

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.**

---

[1] This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.